IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Crim. No. 02-11 Erie
) (Civ. No. 05-533)
JAMES C. CARTER )
)
)

NOTICE AND ORDER

TO THE PETITIONER IN THE ABOVE ACTION:

On November 9, 2005, the United States Court of Appeals for the Third Circuit issued an Order (1) denying your Notice of Appeal to the extent it could be construed as an appeal of your judgment of sentence entered on February 3, 2003, as being untimely; (2) summarily affirming our Order dated July 26, 2005, to the extent your Notice of Appeal was an appeal of our July 26, 2005 Order; and (3) to the extent you were attempting to file a motion to vacate, set aside, or correct your sentence, the Third Circuit Court transferred your motion back to this Court for further proceedings, including the required notices under United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

In addition to your Notice of Appeal (Doc. 43), you have filed a Motion to Produce Transcripts (Doc. 45) attached hereto, in which you request copies of all your transcripts as well as other documents in order to assist you in seeking the withdrawal of your "coerced" guilty plea. We will construe this motion as a petition brought under 28 U.S.C. § 2255. You are hereby notified that federal law now requires you to include all of your federal constitutional claims challenging a specific conviction in one habeas corpus petition. 28 U.S.C. §§ 2244, 2255; United States v. Miller, 197 F.3d 644 (3d Cir. 1999). In other words, if your petition is denied after consideration of your claims on the merits, you will not be able to file another petition at a later time challenging the same conviction on other grounds, absent exceptional circumstances and certification by the Court of Appeals.

As an unrepresented individual, you are hereby notified that you have the following three options: (1) you may withdraw your pending petition and subsequently file one new, all-inclusive

options: (1) you may withdraw your pending petition and subsequently file one new, all-inclusive § 2255 petition, which contains every ground for relief which you believe may entitle you to relief from the conviction and sentence you are seeking to challenge, provided that any new § 2255 petition is filed within the one-year statute of limitations; (2) you may amend the § 2255 petition presently on file with the Court with any additional claims or materials in support of your pending claims which you want the Court to consider in ruling on your pending petition; however, if the amendment is not filed within 120 days of the date that the Court receives notice of your intention to amend, the Court will rule on the petition in the form in which it was filed; or (3) you may choose to have the petition ruled on as filed.

You must notify the Court in writing of your choice of one of these three options, within thirty (30) days of the date of this Notice and Order. If no written notification of withdrawal is received within thirty (30) days, the Court will proceed to decide the petition as filed.

This Notice and Order does not enlarge the one-year limitation period set by 28 U.S.C. § 2255 or in any other way bear upon the question of whether or not the petition which you filed with the Court in fact was filed within the limitation period. Miller, 197 F.3d at 653, (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir.) cert. denied, 120 S. Ct. (1999)).

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge

Date: November 10, 2005

cc:   James C. Carter, pro se
      GB 7479
      SCI Albion
      10745 Route 18
      Albion, PA 16475-0004

      counsel of record