IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                                 ) | Criminal No. 02-11 Erie |
| ) | Civil Action No. 05-333 Erie |
| JAMES C. CARTER              ) | |

**GOVERNMENT'S RESPONSE TO THE MOTION TO**
**VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold Assistant United States Attorney for said district, and states as follows:

I. **Procedural History**

On October 15, 2002, Carter pleaded guilty to distributing less than five (5) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "Crack", a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On February 3, 2003, Carter was sentenced, as a career offender, to 151 months imprisonment.

On March 17, 2003, Carter, proceeding pro se, moved to modify his sentence alleging that his counsel had been ineffective. Carter requested that the district court review his request for a sentence modification only if it would not interfere with his pending direct appeal to the Third Circuit. Thereafter, the

district court dismissed Carter's motion after finding that a review of it would interfere with his direct appeal.

As noted, Carter appealed his case to the Third Circuit. On appeal, Carter claimed only that the district court abused its discretion when it did not grant a downward departure and sentenced him as a career offender. Carter's sentence was affirmed by the Third Circuit on March 5, 2003. United States v. Carter, 80 Fed. Appx. 253 (3d Cir. 2003). He then filed an unsuccessful petition for *certiorari* and his petition for rehearing was then denied by the Supreme Court on December 13, 2004.

Without filing anything further in the district court, Carter returned to the Third Circuit. He opened yet another appeal, at C.A. No. 05-1677, this time proceeding *pro se.* In his notice of appeal, Carter indicated that he was appealing the district court's denial of his March 17, 2003, Motion for Sentence Modification, the same motion he had requested that the district court withdraw. Carter's appeal was characterized by the Third Circuit as a § 2255 proceeding and the court noted that Carter did not follow the procedural protocol necessary for seeking a Certificate of Appealability under 28 U.S.C. § 2255. On March 8, 2005, Carter's Notice of Appeal was returned to him and he was given 21 days to correct any procedural problems with his appeal. Having failed to do so, the Third Circuit dismissed Carter's appeal as untimely on May 17, 2005.

Carter then filed a Motion for Transcripts of Proceedings and Production of Documents on July 7, 2005. That motion was denied by this Court on July 26, 2005.

Carter then filed a Notice of Appeal with the Third Circuit on August 15, 2005. The Third Circuit issued an Order on November 9, 2005,(1) denying, as untimely, Carter's Notice of Appeal, to the extent it could be construed as an appeal of his judgement of sentence; (2) summarily affirming this Court's July 26, 2005, Order which denied Carter's motion for transcripts, and (3) transferring Carter's motion for transcripts back to this Court for further proceedings, to the extent the motion could be considered a motion to set aside, vacate or correct sentence.

On November 10, 2005, this Court then issued a Notice and Order providing Carter with his <u>Miller</u> notifications and advising Carter that he could (1) withdraw his pending motion and file a new motion alleging all of his claims for relief, (2) amend his motion with any additional claims or materials, or (3) choose to have the motion ruled upon as filed. Carter was advised that he had thirty days to notify this Court of his decision. Carter failed to respond to the Notice and Order. Therefore, on January 12, 2006, this Court ordered the government to respond to Carter's motion as filed.[1]

---

[1] It appears that at docket no. 05-08 Erie, Carter also has a petition for writ of habeas corpus pending, pursuant to 28 U.S.C. § 2254, requesting credit on his federal sentence for time served on his Pennsylvania parole revocation sentence.

## II. Factual Background

On February 7, 2002, a confidential informant working with the Erie Area Gang Law Enforcement (EAGLE) Task Force, a law enforcement team comprised of local, state, and federal agencies, executed a controlled purchase of crack cocaine from Carter. (PSR ¶6).

Prior to the sale, the informant, who represented that he had purchased cocaine from Carter on numerous occasions, placed a recorded phone call to Carter (PSR ¶7). The two made arrangements to meet at the corner of Fourth and Chestnut Streets in Erie, Pennsylvania, to execute the transaction (PSR ¶8). That intersection is near a parking lot that serves "Crossroads," a drug and alcohol rehabilitation program, and "Shoutout," an organization dedicated to educating the community about sexually transmitted diseases. Both organizations are housed in the same facility (PSR ¶6). Carter was employed as a counselor at the Shoutout Outreach Program, educating others about sexually transmitted diseases.[2]

In preparation for the buy, the informant was given $800 in official funds (PSR ¶7). As the informant waited at the designated corner, Eagle Task Force members followed Carter to the location (PSR ¶9). Ground surveillance continued to monitor as the

---

[2] Paragraph 6 of the PSR incorrectly represents that Carter worked as a drug abuse counselor at Crossroads at the time of the transaction. The PSR was amended at sentencing to reflect Carter's involvement with Shoutout not Crossroads.

transaction unfolded (PSR ¶9). After Carter stopped his vehicle in the parking lot, the informant entered Carter's BMW through the passenger side door (PSR ¶9). The informant, who was wearing a body wire, was in Carter's vehicle only briefly (PSR ¶ 9). During that time, however, recordings established that a drug sale occurred (PSR ¶9).

Immediately after the sale occurred and the informant exited Carter's vehicle, Carter was arrested (PSR ¶10). Authorities recovered the $800 in official funds from Carter and the crack cocaine from the informant (PSR ¶10). Later testing confirmed that the substance was crack cocaine and weighed 4.4 grams (PSR ¶10).

In an interview following his arrest, Carter denied selling the crack (PSR ¶11). Attempting to explain the event, Carter told officers that the informant approached him while he sat in his car and the informant asked Carter if he might be interested in purchasing a television (PSR ¶11). Carter denied that he had prearranged the meeting with the informant (PSR ¶11). However, Carter acknowledged that he knew the informant and had placed cellular phone calls to the informant in the past, but he insisted those calls had nothing to do with the sale of crack (PSR ¶11). Carter also stated that the money he possessed at the time of his arrest was for his fiancee's birthday (Addendum to PSR, objection 3). Carter later recanted these statements.

5

**III.  Argument**

    **A.  Carter's vague and conclusory allegation that he is entitled to withdraw his guilty plea, which is unsupported by even the barest factual claim, does not entitle him to collateral relief.**

It is well settled that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), citing United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988), See Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).  In Thomas, the Third Circuit held that the petitioner's claims that counsel failed to interview and call witnesses could be summarily denied because the petitioner had failed to identify the witnesses who should have been called. Thomas, 221 F.3d at 438.

    Here, Carter simply seeks to withdraw his guilty plea without providing even the most minimal factual justification for that withdrawal.  Carter merely alleges a violation of his plea agreement with no indication whatsoever how the agreement was violated.  The government cannot respond to such a vague allegation and the Third Circuit has repeatedly indicated that such inadequate claims should be summarily dismissed.

    Even if this Court were to look to Carter's Motion for Production of Documents for a factual underpinning to his claim, the motion to vacate should still be summarily dismissed.  In that pleading Carter merely claims, again without any factual support,

that his guilty plea was coerced.  As Carter fails to explain how the plea was coerced or by whom, his vague, unsubstantiated claim must be summarily dismissed.

Summary dismissal is especially appropriate here because Carter was given the opportunity, by Notice and Order dated November 10, 2005, to amend or supplement his filing. Carter has chosen not to provide any additional information or in any way supplement his claim.  Therefore, having foregone his opportunity to provide even the most minimal facts, his motion to vacate should be summarily dismissed.

     **B.    Carter's alleged violation of his plea agreement has been procedurally defaulted.**

The procedural default doctrine reflects the general rule that "claims not raised on direct appeal may not be raised on collateral review."  <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003)(citations omitted).  The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgements. <u>Id</u>.  The <u>Massaro</u> court ultimately held that ineffective assistance of counsel claims are not procedurally defaulted even if they are not raised on direct appeal.  That holding, however, does not apply to Carter's present appeal because he does not allege ineffectiveness of counsel.  He merely makes a vague claim that he is entitled to withdraw his guilty plea.

Any allegation concerning the validity of Carter's guilty plea has been procedurally defaulted because Carter failed to raise the issue in his direct appeal. Carter's direct appeal to the Third Circuit raised one issue, did this Court properly deny his motion for downward departure. Having failed to raise any guilty plea issues at the proper time, Carter cannot raise them now.

### C. Carter's attempt to withdraw his guilty plea is frivolous.

The government's ability to respond to Carter's attempt to withdraw his guilty plea is significantly curtailed because Carter has provided no facts in support of his claim. Nevertheless, the record indicates no problems whatsoever with Carter's guilty plea. At no time did Carter indicate any hesitation in pleading guilty or that his plea was involuntary or coerced. It is obvious that Carter is merely bemoaning his career offender sentence. That issue has already been decided by the Third Circuit and cannot be relitigated here. Withrow v. Williams, 507 U.S. 680, 720-21 (1993)(Scalia, J., concurring); United States v. DeRewal, 10 F.3d 100, 105, n.4 (3d Cir. 1993).

### D. Carter is not entitled to discovery or transcripts.

Carter is not entitled to discovery or transcripts in this case because he has merely provided this Court with vague and conclusory allegations. Rule 6 of the habeas rules entitles a petitioner to discovery, and by implication transcripts, "for good cause." R. Governing Section 2255 Cases 6(a). Further, a

petitioner seeking discovery must "provide reasons for the request." R. Governing Section 2255 Cases 6(b). To demonstrate "good cause," a habeas petitioner must state a specific allegation that would entitle the petitioner to relief. Keenan v. Bagley, 262 F.Supp.2d 826, 838 (N.D. Ohio 2003). Moreover, vague and conclusory allegations are not sufficient under Rule 6 to justify discovery or the provision of transcripts. Id. Here, Carter is not entitled to transcripts or any other material because his claim is, at best, vague and conclusory.

Wherefore, for the foregoing reasons, the government respectfully requests that Carter's motion to vacate sentence be denied.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013