IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA.

JAMES C. CARTER, petitioner.   )
                               )
        V.                     )    ( W.D. PA. CRIM. NO. 02-CR-00011 )
                               )
UNITED STATES OF AMERICA       )    CA 06-268 E
                               )
        Respondent.            )
                               )

MOTION TO VACATE SENTENCE

FILED '06 NOV 17 A11:39 CLERK U.S. DISTRICT COURT

SCANNED

28 U.S.C.A. 2255              Jurisdiction              21 U.S.C.A. @ 851(a)(1)

_____

DATE November 15, 2006                           James C. Carter Pro-Se

                                                 *James C. Carter* (signature)

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA.

TO: THE HONORABLE FEDERAL JUDGE:  Maurice B. Cohill JR.

I petitioner James C. Carter respectfully request that this Honorable Court Vacate, and correct a sentence that was imposed upon this petitioner on Feb, 3rd 2003.

Petitioner avers as follows,  He plead guilty to distribution of less than five (5) grams of cocaine on October 15th 2002, in this district before the Honorable Judge Maurice B. Cohill JR. at Criminal No: 02-11E.

The petitioner says that he has been dealt with unfairly by the court in this matter. Petitioner says that he entered into an <u>agreement</u> with the A.U.S.A.G. Marshall J. Piccinini for a term of 57 to 71 Months, this was the deal offered and agreed to, by the petitioner James C. Carter.
It should also be noted that the Pre-Sentence Report calculated the same time frame for the charges that were pending against me at that time, 57 to 71 Months.

The sentence was enhanced by the court to 151 months on a defected Notice of Intent, by A.U.S.A.G. Marshall J. Piccinini he requested this enhancement at sentencing.
<u>WHICH IS IN TOTAL VIOLATION OF RULE 851 TITLE 21 U.S.C.</u>

This Rule requires the government must file within a specified time frame, an information signaling its intention and identifying the previous convictions on which it relies. The governments <u>request or filed 21 U.S.C. @ 851</u>, <u>must be before jury selection begins</u>. Which would allow the petitioner myself ample time to determine whether he should, enter a plea or go to trial, also Not just jury selection but <u>also plea agreements</u>. This behavior has violated the petitioners right to a fair trial or in this case a fair agreement that was already signed and agreed upon by the parties of interest.

The United States Supreme Court in Hardy v. United States 691 F.2d 39 (1982) Stated: By Then Judge Breyer explained that the District Court lacks authority to impose the statutory enhancement unless the government has complied with section 851 (a)(1)'s temporal strictures.

(1)

Under 21 U.S.C. @ 851 (a)(1). Reads as follows: The proscriptive language of the selection ("No person ... shall be sentenced to increased punishment ... unless ...") and the specific provision for postponement leave no doubt that the procedural requirements of section 851(a)(1) are to be strictly enforced.

See United States v. Belanger, 907 F.2d 416, 418(7th Cir.1992). United States v. Williams, 899 F.2d 1526, 1529 6th Cir.1990): Noland 495 F.2d at 533.

For present purposes, two elements of the new scheme deserves special emphasis. <u>First:</u> the law gives the prosecutor discretion to forgo a sentence enhancement, altogether. <u>Second:</u> the prescribed information must be filed before trial or <u>entry of a guilty plea.</u>

Honorable Judge Cohill is it not the position of the court to <u>enforce</u> the Rules that are clearly established by the law and statutory provisions.

Claim on collateral review without any showing of cause or prejudice, espousing the theory that jurisdictional issues cannot be waived or forfeited. See:

Harris, 149 F.3d at 1306-09; Kelly 29 F3d at 1112-14.

Appellant James C. Carter has been severely prejudiced because of this enhancement, his sentence has been raised from a max of six years to 12 years and nine months.

Attorney Thomas Patton esq: Failed in his assignment to protect James C. Carter intrest in this matter, thereby rendering his assistance of counsel ineffective & inadequate to the point where he could not even secure the plea-agreement entered into by himself and James C. Carter and A.U.S.A.G. Marshall J. Piccinini to a term of 57 to 71 months, which the pre-sentence report also recommends.

The Sixth Amendment howerever guarantees more than the appointment of competent, counsel. By its terms one has the right to Assistance of counsel for his defense.

Assistance begins with the appointment of counsel, it does not end there.
In some cases the performance of counsel may be so inadequate that, in effect no assistance of of counsel is provided. Clearly, in such cases the defendant's sixth Amendment right to have Assistance of counsel is denied.

Thus the adversarial process protected by the Sixth Amendment requires that the accused have counsel acting in the role of an advocate.

If no actual "Assistance" for the accused's defense is provided then the constitutional guarantee has been violated, to hold otherwise could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel.

But the Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

Now all I ask this Honorable Court to consider is why if Rule: 851(a)(1) is violated and it is clear from the record, that it is, why was this enhancement allowed to be my sentence if the rule was violated by A.U.S.A.G. Marshall J. Piccinini.

This is also proof positive that my Attorney Thomas Patton was not acting in my best interest he could not even secure the signed plea-agreement deal entered into by parties of interest: they, being James C. Carter, petitioner) Thomas Patton esq) A.U.S.A.G. Marshall J. Piccinini.

I would also like to impress upon the court that the plea-agreement we entered into is the principles of contract law, If defendant is deprived of the benefit of his plea-bargain his plea would be <u>INVOLUNTARY</u> making the sentence illegal.

The only circumstances in which the district court can disregard the mechanical, dictates of the Guidelines is when it finds that there exists an aggravating or, mitigating circumstance of a kind or to a degree not adequately taken into into consideration by Sentencing Commission ...    18 U.S.C. @ 3553 (b)

And its clear that the Sentencing Commission took into accord the type of issue that faced the petitioner James C. Carter. (Being a Drug Addict).

<u>REMEDY REQUESTED</u>

Petitioner James C. Carter prays that this Honorable Court & Honorable Judge Maurice B. Cohill Jr, review the this  28 U.S.C.A. 2255 to Vacate Sentencing of Mr. Carter of 151 months and sentence him to the agreed upon 57 to 71 months. as prescribed in the pre-sentencing report & offered to the petitioner in the form of the plea-agreement to which he accepted in good faith.

(3)

## CERTIFICATE OF SERVICE

I, James C. Carter hereby certify that a true and correct copies of the attached PETITION FOR 28 U.S.C.A. 2255 MOTION TO VACATE SENTENCE, were served upon the persons listed below via First Class Mail on the 16th Day of November 2006.

I certify under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. @ 1746.

The Honorable Maurice B. Cohill Jr.
United States District Court
Western District of Pennsylvania
17 South Park Row
ERIE, PENNSYLVANIA, 16501

Marshall J. Piccinini, A.U.S.A.G.
17 South Park Row
Room A. 330
ERIE, PENNSYLVANIA, 16501

*James C. Carter*
James C. CARTER, Pro-Se
SCI- ALBION
10745 Route 18
Albion, PA, 16475-0002

DATE November 15, 2006