FCI Elkton
P.O.Box 10
Lisbon, Ohio 44432

June 7, 2007

The Clerk of Court
United States Court of Appeals
 for the Third Circuit
21400 U.S.Courthouse
601 Market Street
Philadelphia, PA 19106



Re: United States of America v. James C. Carter
    District Court No. 02-11-Erie(Criminal case No.)
    Civil Nos, 05-333 and 06-268-Erie)

Dear Clerk:

    On february 8, 2007, the district court denied my motions under Section 2255, and on April 6, 2007, I sent a timely prepared notice of appeal from my understanding that I needed to file my notice of appeal within 60 days of the denial order of the district court.

    Three weeks after I sent the notice of appeal and not having heard anything from the district court, I re-sent the same notice of appeal which I had already dated April 6, 2007. Yet todate there has not been any acknowledgement from the district court clerk that any of the notice of appeal papers I sent had reached their court. Then I began to wonder whether since I am preparing to submit a request for a certificate of appealability to this Court, that I was supposed to simply forward the request to you since the district court had already denied me request for certificate of appealability. My experience with filing notice of appeals is that once the document reaches the district court clerk, at most within two or three weeks they would acknowledge receipt of the document and then transmit the file to the Court of Appeals. But the time this one is taking makes me believe that perhaps the procedure has changed.

    Accordingly, I am re-submitting my notice of appeal which I sent to the district court, and I am accompanying it with my request for a certificate of appealability which only this Court can determine now anyway.

    Thanks a lot for your consideration of this.

Respectfully Submitted:
*James C. Carter*
James C. carter, Pro Se

cc:Christiam A. Trabold, AUSA
   United States Attorney's Office
   100 State Street, Suite 302
   Erie, Pennsylvania 16507

AUSA
FEDERAL Courthouse
Room A 330
17 South PARK Row
ERIE, PA. 16501-1158

RECEIVED
KL  O+3
U.S. C.A. 3rd

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESETERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      *

            Plaintiff,         *    Crim. No. 02-11-Erie

        -vs-                   *    (Civil Nos. 05-333 Erie & 06-268 Erie)

JAMES C. CARTER,               *

            Defendant.         *
```

### NOTICE OF APPEAL

COMES NOW, James C. Carter, Pro Se, and hereby respectfully moves this Honorable court to enter an order noticing his intent to appeal the February 8, 2007 denial order of his Section 2255 motions to the United States Court of Appeals for the Third Circuit.

Petitioner is indigent from the onset of this proceedings, and has remained indigent. As such, Petitioner respectfully requests to proceed on this appeal <u>in forma pauperis</u>.

Wherefore, Petitioner respectfully prays.

Respectfully Submitted:

*James C. Carter, Pro Se*
James C. Carter, Pro Se
Petitioner

Dated: 6th day of April, 2007.

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH, PENNSYLVANIA 15219

CHAMBERS OF
MAURICE B. COHILL, JR.
UNITED STATES DISTRICT JUDGE
(412) 208-7380



March 12, 2007

**Re: James C. Carter, Cr. 02-11 Erie; Civ Nos. 05-333 Erie & 06-268 Erie**

Dear Mr. Carter:

    Enclosed is the Opinion and Order regarding the above cases. This material was originally sent to you at the State Correctional Institute at Albion on February 8, 2007. However, the mailing was returned to the Court as "undeliverable." We have since learned that you had been transferred out of Albion after completing your state sentence and are now located at the Northeast Ohio Correctional Center, and thus we to you this date.

                                         Very Truly Yours,

                                         Richard T. Williams
                                         Law clerk to Judge Cohill

Enclosures

RECEIVED
KL    O+3
JUN 11 2007
U.S. C.A. 3rd

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,          *

           Plaintiff,          *

    -vs-          * Crim. No. 02-11-Erie
                             (Civil Nos. 05-333 and 06-268 Erie)
JAMES C. CARTER,          *

           Defendant.          *

### REQUEST FOR CERTIFICATE OF APPEALABILITY

COMES NOW, James C. Carter, defendant, and hereby respectfully requests this Honorable Court to issue a certificate of appealability ("COA") so that two of defendant's claims could be reviewed on appeal. The district court has already denied COA believing that defendant could not show denial of a constitutional right. However, defendant believes that a second look should be had regarding this issue of issuance of a COA.

    Issue One: SHOULD THE DISTRICT COURT HAVE AT LEAST ORDERED AN EVIDENTIARY HEARING TO DETERMINE DEFENDANT'S FACTUAL CLAIMS NOT FOUND ON THE RECORD WHICH IF TRUE WOULD HAVE CHANGED THE OUTCOME OF THE CASE?

In defendant's Section 2255 motion, he claimed under oath and affirmation that both his lawyer and the government's lawyer assured him that his sentence would be in the range of 57-to-71 months. Defendant was also assured that if the district court(who is not bound by this suggestion) refuses to sentence within 57-to-71 months, then the court would have to allow defendant to withdraw his plea, as the case may be.

at sentencing, however, defendant was assessed as a career offender and sentenced to 151 months(from the sentencing range, 151-to-188 months). When the defendant contested what he perceived as

-1-

the district court violating the agreement he understood he had with the government, the court responded that "Mr. Carter had the opportunity, and duty, to inform the court that his understanding was that he had agreed with the prosecutor that his sentence would be in the range of 57-to-71 months, during his plea cooloquy and his sentence hearing, but he failed to do so." Id. Court's order at, 7., as attached.

Defendant posits that since he alleged ineffective assistance of counsel, where counsel admonished him to remain silent while he spoke for him, that reasonable jurists could find it debatable that in assessing a plea agreement between the government and a defendant, it is the defendant's understanding that controls. See United States v. De La Fuente, 8 F.3d 1333(9th Cir. 1993).

In De La Fuente, the court held that "it is the defendant's understanding [of the plea agreement] at the time of the plea that controls," when deciding to enforce an agreement. Id., @ 1337,n.8. Accordingly, since the district court acknowledged that it was defendant's understanding that he would receive between 57-to-71 months on his plea, then according to De La Fuente, such understanding should be honored somehow.

The district court took issue with the fact that Defendant did not tell the court that such agreement had been reached with the prosecutor, and that the plea colloquy belied the so-called agreement. However, on two different occasions, the Supreme Court has wrestled with an identical situation where a defendant's lawyer admonished him not to let the court know about the agreement. See Blackledge v. Allison, 52 l.Ed 2d 136(1977).

-2-

In <u>Blackledge v. Allison</u>, a defendant was promised a sentence of ten years but his lawyer admonished him "that upon formal questioning at arraignment, the prisoner should deny the existence of any promises in order that the court would accept the guilty plea." <u>See</u> <u>Id</u>. The Court of Appeals for the Fourth Circuit reversed the denial of habeas corpus on that claim, and the United States Supreme Court affirmed the Appeals Court, holding that "the plea had been made at a time when the validity of plea bargaining was not yet cleraly established and **when plea bargaining was genrraly characterized by an atmosphere of secrecy.**" (Emphasis added.) Then the High Court sent the case back for an evidentiary hearing.

Furthermore in <u>Machibroda v. United States</u>, 7 L.Ed 2d 473(1962), the High court remanded a case for evidentiary hearing because the prosecutor in the case had earlier promised to give the defendant "no more than 20 years if he would plead guilty," but later "confronted him with other robberies if he told of the promises..."

Here, too, defendant was instructed by his counsel when asked to deny any promises so that the court could accept the plea, and that at sentencing the matter would then properly be brought back up. Therefore, pursuant to the reasoning in <u>Blackledge v. Allison</u> and <u>Machibroda v. United States</u>, this Court should grant a COA, order an evidentiary hearing so that counsel and the prosecutor can be heard from on this allegations.

To the extent that the district court might have doubted the fact that defendant was indeed assured he would receive between 57-to-71 months, the court should have ordered an evidentiary hearing

since believing the defendant would have meant sentencing the defendant between 57-to-71 months, or allowing the defendant to withdraw his plea. See United States v. Gilchrist, 130 F.3d 1131(3rd Cir. 1997). (Where plea agreement has been breached, district court, not defendant, is to decide in first instance whether to grant specific performance of plea agreement or withdrawal of guilty plea."

Accordingly, since reasonable jurists could find this matter debatable, a COA is required.

> Issue Two: WAS THE COURT'S CALCULATION OF DEFENDANT'S SENTENCE AS A CAREER OFFENDER ERRONEOUS SINCE THE GOVERNMENT FAILED TO PROVE THE IDENTITY OF THE CONTROLLED SUBSTANCE CHARGED, THEREBY ALLOWING THE CAREER OFFENDER CALCULATION TO BE MADE WITH A "CATCH-ALL" STATUTORY MAXIMUM FIGURE.

In the wake of the Supreme Court's decision in Apprendi v. New Jersey, 147 L.Ed 2d 435(2000), this Circuit revisted a few of its earlier cases and invalidated them in part in favor of the proposition that drug identity is now an essential element of the charge of violation of the controlled substance laws. See United States v. Barbosa, 271 F.3d 438(3rd CIr. 2001)("we acknowledged that Apprendi has eroded the precedential value of our prior decisions. However, we do not override them completely because, even after Apprendi, drug identity will not always be an element of a §841(a)(1) offense because of the inherent ambiguity in chossing amongst several potentially applicable 'catch-all' provisions.")

In light of Apprendi, the Barbosa court explained that if the government in any given case fails to prove the identity of a charged controlled substance, the "catch-all" provisions kicks in to determine what the maximum sentence in that case would be. The ranges of

-4-

maximum sentence are from §§841(b)(1)(A), 10-to-life, to 841(b)(1)(B). 5-to-40, to 841(b)(1)(C), 0to-20, to 841(b)(1)(D), 0-to-5, to 841(b)(2), 0-to-3, to 841(b)(3), 0-to-1. When no identity is proven, the catch-all provision of §841(b)(3) kicks in for 0-to-i year. And for a person with a prior drug conviction, the maximum doubles to 0-to-2 years.

In Barbosa, even though the defendant's indictment charged cocaine base, but because the district court by the act of jury instruction "admonish[ed] it from considering either the amount or identity of the controlled substance," the jury only found controlled substance without any identity of such. And this Court after hearing the government's argument, found as follows:

> "We cannot countenance either of the Government's lines
> of analysis to determine whether an Apprendi violation
> has occurred because it amounts to an ill-advised effort
> to define away the applicability of Apprendi to this case.
> The Government fails to appreciate that, because the
> iddentity of the drug was not submitted to the jury, we cannot
> simply assume that only Schedule I and II Controlled substances
> are implicated merely because the evidence was so constrained.
> Apprendi compels us to focus on the permissible sentences
> authorized by the jury's verdict, which, in this case, contained
> no factual finding as to drug quantity." Id., Barbosa, @ 456.

The "catch-all" provisions for identity-less controlled substance is one year statutory maximum. Id.

In the case at bar, though defendant's indictment charged cocaine base, during colloquy, the government never proved to the district court the identity of the controlled substance except to say it was cocaine base. And failure to give such proof was the reason the Barbosa court stated that evidence of a mention of "cocaine base" by the government is not so **constrained**.

Here therefore, defendant's statutory maximum based on mere controlled substance, is two years based on the provisions of 21 U.S.C., §841(b)(3), however, due to defendant's prior drug conviction. And the career offender calculus will thus change drastically, as follows:

§4B1.1 calculation-- Offense Staturoy maximum-"more than 1 year but less than 5 years--offense level 12.

Offense level 12 at criminal history category of VI yields 27-to-33 months.

Defendant's sentence thus should be between 27-to 33 months. Accordingly, reasonable jurists could argue that defendant's sentence of 151 months far exceeds his statutory maximum under Apprendi even with the career offender calculus factored in.

A COA is required for this matter to be properly reviewed on appeal.

Wherefore, Defendant respectfully prays that a COA be issued in this case.

Respectfully Submitted:

*James C. Carter*
James C. Carter, Pro Se
Defendant

Certificate of Service

I certify that a true and correct copy of the within Request for a Certificate of Appealability has been sent to the following:

Christian A Trabold, AUSA
United States Attorney's Office
100 State Street, Suite 302
Erie, Pennsylvania 16507

AUSA
FEDERAL Courthouse
ROOM A 330
17 South PARK Row
ERIE, PA. 16501-1158

Respectfully Submitted:

*James C. Carter*
James C. Carter, Pro Se
Defendant

Dated: 7 day of JUNE, 2007.

-7-



The Clerk of Court
United States Court of Appeals
For the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA. 19106




RECEIVED
JUN 11 2007
U.S. C.A. 3rd