UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| -vs- | * Case No. 02-11-Erie |
| JAMES CARTER, | * |
| Defendant. | * |

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C, 3582(c)(2)
BASED ON THE GUIDELINES AMENDMENT 706

COMES NOW, James Carter, pro se, and hereby respectfully moves this Honorable Court for an order reducing his sentence of 151 months based on the recently amended Federal Sentencing Guidelines, which is also approved for retroactive application. This amendment reduced the crack cocaine offense guidelines by 2 levels across the board.

Background:

On February 3, 2003, this Court sentenced defendant to 151 months imprisonment pursuant to the career offender status based on his prior convictions which were twice consolidated for sentencing to represent two prior convictions for the purpose of the career offender classification. On paper, these priors seem qualifying for a Section 4B1.1 calculus despite defense counsel's argument of §4A1.3 pertaining to the over-representation of defendant's prior convictions. At sentencing, the federal sentencing guidelines were still mandatory. Defendant's supposed guidelines without the career offender determination for 4.4 grams of crack cocaine had been 57-to-71 months which incidentally he had been made to believe would be his ultimate guidelines range.

-1-

The new amendment has lowered defendant's supposed offense level from 57-to-71 months to 33-to-41 months when acceptance of responsibility reduction is factored in (level 22-3, @ criminal history category VI).

Defendant's priors, of small quantities of drugs at an undisputable low levels of a mere user, have recently being viewed by the United states Supreme Court as inappropriate for use in subjecting a defendant to career offender status. See Salinas v. United States, 164 L.Ed 2d 364(2006). This means that were Salinas to be followed, defendant's sentence would be downgraded from 151 months of the low end of the career offender calculation, to 33 months, the low end of the calculation under the new sentencing guidelines amendment based on the drug quantity involved in the case, a four hundred and fifty seven (457%) percent bump.

Under the prevailing law, even the United States Supreme Court would endorse, if not encourage bypassing the use of career offender calculus in sentencing this defendant, especially since the quantity of drugs here does not even have a statutory mandatory minimum. See Kimbrough v. United States, (No. 06-6330, 552 U.S.____, 2007, decided December 10, 2007.)

In Kimbrough, the Supreme Court endorsed a federal judge's consciencious decision to depart from the defendant's guidelines low end of 228 months to a 180 months-aggregated mandatory minimum. See Id. Thanks to the freedom federal judges now enjoy under the advisory nature of the federal sentencing guidelines under United States v. Booker, 125 S.Ct. 738(2005). (Cited here only as a persuasive authority to illustrate a view point.)

Of course, these determination are in this Court's sound discretion, and not a matter of any strict rights owed to this defendant, to be sure. Instead, in making this determination, judges are guided by the provisions

of 18 U.S.C., §3553(a) which has seven subsections, perhaps five of which pertain to this case, as follows: consideration of (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for sentence imposed; (3) the kind of sentence available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission's Policy Statement; (6) the need to avoid unwarranted disparities among defendants; and (7) the need to provide restitution to victims.

   As to the subsection 1, it should be noted that since the 100-to-1 ratio between crack and powder cocaine law went into effect, several studies have revealed that the earlier hysteria turned out to be merely hyperbolic. This is true because "[t]he [Sentencing] Commission has found that crack is associated with 'significantly less trafficking-related violence...than previously assumed. It also observed that 'the negative effects of prenatal crack cocaine exposure are identical to the negative effects of prenatal cocaine exposure. The Commission furthermore noted that 'the epidemic of crack cocaine use by youth never materialized to the extent feared.'" Kimbrough, Slip. Op., @ 8. There, the Court also expressed that the assumed dangerousness of crack had been over-represented all along. Id., @ 7-8. As such, the nature of the offense, is in essence, since mitigated by a deluge of trustworthy scientific studies and general behavioral observations by the Commission. And as to defendant's characteristics and history, the words to describe them, are, as to character, tumultous, and as to history, hard and conspicuously disadvantaged. Born in 1947 (55 years at sentencing), he served in the United States Military for 2 years, one month and 25 days, stationed at Fort Dix, New Jersey and Fort Campbell, Kentucky (May 1, 1968 to June 25 1970), as Specialist Fourth Class Sp/4. Honorably discharged, and a

disabled veteran, with 20% left knee permanent injury. Drug addicted for almost all his adult life, especially after being discharged from the army. At sentencing, defendant has already been a 55 year-old drug addict who never committed any serious crimes other those helping to feed his drug habit.

Based on Kimbrough, United States v. Gall, 552 U.S. ___ 2007, decided December 10, 2007, and United Staets v. Booker,[1] this Court has all the power needed to show leniency in this particular unfortunate case.

Because the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation, a re-sentencing should be heard in this case where the career offender calculus should be disregarded in favor of the guidelines calculation of 33-to-41 months. But since this sentence could amount to less than time already served, this Court could decide to sentence between 33-to-71 months in order that the new sentence would not be less than the time already served. Finally, it should be noted that defendant is voluntarily and knowingly waiving his presence for any adjustment in his sentence.

Wherefore, defendant respctfully prays.

Respectfully Submitted:

James C. Carter
James Carter, Pro Se
Defendant

---

[1] To the extent that it could be argued that §3582(c)(2) motion does not allow elbow room for a lot of contemplations on the part of the sentencing judge, at least a court or two have opined that "the purpose of §3582 motion is resentencing." See United States v. Hicks, 472 F.3d 1167, 1171 (9th Cir. 2007), citing United States v. Ono, 72 F.3d 101, 102 (9th Cir. 1995).

-4-

Certificate of Service

I certify that a true and correct copy of the within Motion For Reduction of Sentence has been sent to the following:

Marshall Piccinni, AUSA
United States Attorney's Office
Federal Courthouse, Room A 330
17 South Park Row
Erie, PA 16501-1158

                                            Respectfully Submitted:

                                            *James C. Carter*
                                            James C. Carter, Pro Se
                                            Defendant

Dated: 12 Day of January, 2008.