IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      )
                           )
        vs.                )      **Crim. No. 02-11 Erie**
                           )
**JAMES C. CARTER**         )


## OPINION & ORDER

Presently before the Court is James Carter's Motion to Reduce Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) (Doc. 64). For the reasons that follow we will deny the motion.

On October 15, 2002, Mr. Carter plead guilty to an Indictment that charged him with one count of distributing less than 5 grams of crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

At sentencing on February 3, 2003 we found that Mr. Carter's base offense level was 24. Pursuant to Section 4B1.1 of the Sentencing Guidelines, Mr. Carter was deemed to be a career offender based on two prior felony convictions for controlled substance offenses, bringing his offense level to 32. Thus his total offense level, after the three point reduction for acceptance of responsibility, was calculated to be 29. Mr. Carter was assessed with 9 criminal history points, resulting in a criminal history category of IV, however, because he was deemed to be a career offender, his criminal history category was raised to VI. With a total offense level of 29 and a criminal history category of VI, Mr. Carter faced a sentencing guideline range of imprisonment of 151 to 188 months. On February 3, 2003, we sentenced Mr. Carter to a total term of imprisonment of 151 months.

On November 1, 2007, the United States Sentencing Commission adopted Amendment

706 to the Sentencing Guidelines to address the disparities between sentences based on crack and

powder cocaine. Amendment 706 lowered the ratio between crack and powder cocaine offenses.

This resulted in lower guideline offense levels for crack cocaine offenses than existed before the

Amendment. Section 3582(c)(2) permits a district court to retroactively reduce the term of

imprisonment of a defendant "based on a sentencing range that has subsequently been lowered

by the Sentencing Commission," and Amendment 706 qualifies as such a reduction. U.S.S.G. §

1B1.10(c).

The court's jurisdiction to resentence Mr. Carter is derived from a statute, 18 U.S.C.

3582(c). "The starting point for this analysis is the general rule that '[t]he court may not modify

a term of imprisonment once it has been imposed . . . .'" United States v. Finney, 2008 WL

2435559, *2 (W.D.Pa. June 16, 2008), quoting 18 U.S.C. § 3582(c). Section 3582(c) states in

relevant part as follows:

> (c) Modification of an imposed term of imprisonment.- The court may not modify
> a term of imprisonment once it has been imposed except that- . . .
>
> (2) in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . .
> the court may reduce the term of imprisonment, after considering the factors
> set forth in section 3553(a) to the extent that they are applicable, if such a
> reduction is consistent with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The restriction in section 3582(c)(2), that any resentence imposed must be "consistent

with applicable policy statements issued by the Sentencing Commission," is a limit on our

jurisdiction to resentence a defendant. If we impose a sentence that is not consistent with

"applicable policy statements" we will have exceeded the statutory grant to modify a sentence of

imprisonment. The applicable policy statement here is section 1B1.10 of the Sentencing

Guidelines, which states in relevant part as follows:

**§ 1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)**

**(a)** Authority.—

    **(1)** In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

    **(2)** Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—

        **(A)** None of the amendments listed in subsection (c) is applicable to the defendant; or

        **(B)** An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2). What subsection (a)(2) of this policy statement means is that the court

is without jurisdiction to retroactively reduce a defendant's sentence as a result of an amended

guideline range when either there is no applicable amendment or when an applicable amendment

does not have the effect of lowering the defendant's guideline range.

In Mr. Carter' case, his guideline range based on Amendment 706 is not lowered. Thus,

pursuant to policy statement 1B1.10(2)(A), we are without jurisdiction to resentence Mr. Carter.

The United States Court of Appeals for the Third Circuit in United States v. Mateo, 560 F.3d

152, 156 (3d Cir. 2006), found that a career offender was not entitled to a retroactive crack

sentence reduction; and that in United States v. Doe, 564 F.3d 305 (3d Cir. 2009) the Court

found that where a defendant's guideline range is not lowered the defendant is not eligible for retroactive crack sentence reduction. (Id. at 6.)

This Court finds that Carter's motion is controlled by Mateo. In Mateo, the Third Circuit Court of Appeals explained why an individual sentenced under U.S.S.G. § 4B1.1 as a career offender could not receive the benefit of Amendment 706's change to crack cocaine sentencing:

> To be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level. The applicable policy statement instructs that any reduction in sentence is not consistent with the policy statement and therefore not authorized by 18 U.S.C. § 3582(c) (2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (B).

560 F.3d 152, 154-55 (3d Cir.2009).

Here, as in Mateo, the crack cocaine amendment ordinarily would have served to lower Carter's base offense level under § 2D1.1(c). However, Carter's sentencing range was determined based on the alternative career offender offense level as stipulated by § 4B1.1. As a career offender, Carter's base offense level remains 29 no matter what the otherwise applicable base offense level is. Keeping all other Guidelines calculations unchanged, application of Amendment 706 still yields a sentencing range of 151-188 months, based on a total offense level of 29 and a Criminal History category of VI. Amendment 706 does not affect Carter's applicable sentencing range, and therefore § 3582(c)(2) does not authorize a reduction in his sentence. He is not eligible for the two-level reduction under Amendment 706 because he was sentenced as a career offender.

Finally, Mr. Carter seeks a new resentencing hearing so that he can argue that he was not properly deemed a career offender. Pursuant to Section 4B1.1 of the Guidelines, Mr. Carter was determined to be a career offender on the basis of two prior felony convictions involving

unlawful delivery of cocaine. As we find that we are without jurisdiction to resentence Mr.

Carter, we are in no position to rule on the merits of his claims. A resentencing hearing under

section 3582(c) is limited in scope. The Supreme Court explained that section 3582(c)

> does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. The relevant policy statement instructs that a court proceeding under § 3582(c)(2) "shall substitute" the amended Guidelines range for the initial range *"and shall leave all other guideline application decisions unaffected."* § 1B1.10(b)(1).

United States v. Dillon, ___ U.S. ___, 130 S.Ct. 2683, 2694 (2010) (emphasis added).

For all of the above reasons we will deny Mr. Carter's motion. Accordingly, the

following Order is hereby entered.

AND NOW, to-wit, this ___25th___ day of May, 2011, it is hereby ORDERED,

ADJUDGED and DECREED that Defendant's Motion for Reduction of Sentence Pursuant to

Title 18 U.S.C. §3582(c)(2) Based on the Guidelines Amendment 706 (Doc. 64) be and hereby

is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:     Counsel of record
        James C. Carter